IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-03452-CMA-CBS

AKEEM MAKEEN,

        Plaintiff,

v.

THE STATE OF COLORADO,
JANEL BRAVO, *in her official capacity as Statewide ADA Coordinator*,
CHARLA BRANHAM, *in her official capacity as local ADA Coordinator for the 18th Judicial District*,
THE CITY AND COUNTY OF DENVER,
SUZANNE RAZOOK, *in her official capacity as Human Resources Director of the City and County of Denver*,

        Defendants.

MEMORANDUM AND ORDER

Magistrate Judge Shaffer

### INTRODUCTION

This matter comes before the court on the motion to quash subpoena [Doc. 82] filed by non-party Michele McCandless. The motion was referred to the Magistrate Judge by order of reference dated April 27, 2015. [Doc. 86]. Plaintiff Akeem Makeen opposes the motion. [*See* Doc. 83]. For the following reasons, the court will grant the motion to quash to the extent that Mr. Makeen seeks expert testimony from Ms. McCandless.

### BACKGROUND

Mr. Makeen filed suit against the named defendants seeking injunctive and declaratory relief, and to recover damages as a result of the defendants alleged violations of, *inter alia*, the

Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Fourteenth Amendment, and several Colorado Statues. [*See* Doc. 52]. Mr. Makeen alleges that the defendants violated his rights by refusing to pay a note taker of his choice $300 per hour to take notes for him in state court judicial proceedings. [*Id*.]

On April 15, 2015, Mr. Makeen served non-party Ms. McCandless, the Director of the Disability Services Program ("DSP") at the University of Denver, with a subpoena to testify at a hearing regarding Mr. Makeen's motion for a temporary restraining order. [Doc. 82-1 at p. 1]. In an email to Ms. McCandless, Mr. Makeen described the precise areas for her testimony as follows:

> [Y]our testimony will cover what we talked about and the services provided under Section 504 of the Rehabilitation Act to students. How do you determine what accommodations for a deaf and hard of hearing person, a learning disable [sic] person, like when we went over the reader and CART. This is to help establish what services should be provided in State court to ensure effective communication under the ADA and Section 504 of the Rehabilitation Act. Please review the report that I left with you and if you need any other questions please let me know[.]

[Doc. 82-1 at p. 2].

On April 24, 2015, Ms. McCandless brought the matter before the court by filing a motion to quash the subpoena pursuant to Federal Rule of Civil Procedure 45. [Doc. 82]. In support of her motion to quash, Ms. McCandless stated that she previously met with Mr. Makeen under the pretense that he was a potential transfer student to the University of Denver. She further stated that they discussed what services could be provided by DSP to students with documented disabilities. Ms. McCandless indicated that she has no factual knowledge regarding the issues in the present case, and that she has no knowledge in disability accommodations as they pertain to state governmental units or the state judicial system. [Doc. 82 at pp. 2-4]. Ms.

McCandless argues that the subpoena should be quashed because Mr. Makeen is essentially seeking expert testimony despite the fact that he has not retained Ms. McCandless as an expert witness. [*Id*. at 4]. She further asserts that her testimony would be irrelevant. [*Id*. at 4-5].

## DISCUSSION

### I.

Rule 45 governs the issuance of subpoenas. It requires, in pertinent part, that a subpoena "command each person to whom it is directed to . . . attend and testify" at a specific time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). This power, however, is not without limits, and "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. C.iv. P. 45(d)(1). Thus, a court may quash or modify a subpoena if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii). "The purpose of this rule is to protect experts from being required to provide expert advice or assistance without proper compensation." *Freidland v. TIC – The Industrial Co.*, 2006 WL 2583113, *2 (D. Colo. Sept. 5, 2006); *see also* Fed. R. Civ. P. 45 advisory committee's note (1991) ("A growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts. Experts are not exempt from the duty to give evidence, . . . but the compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services.").

In his email, Mr. Makeen seems to be seeking Ms. McCandless's opinion — based upon her expertise as a disability coordinator — on what disability accommodations are appropriate in various situations. However, Mr. Makeen has not retained Ms. McCandless as an expert witness,

and her specialized knowledge is protected under Rule 45(d)(3)(B)(ii). Retained experts are generally compensated for their time and efforts in preparing reports and testifying, and failing to quash the subpoena would allow Mr. Makeen to obtain expert testimony at no cost to himself. Therefore, to the extent that he seeks to have Ms. McCandless offer expert opinions on disability accommodations, or any other areas of expertise, the subpoena is quashed.

II.

Mr. Makeen is permitted to call Ms. McCandless as a fact witness; however, her testimony must be relevant to the issues in this case, namely, whether the accommodations offered to him in his state court judicial proceedings were reasonable. Whether an accommodation is reasonable is a factual issue and depends on the specific circumstances of the case. *See McAlindin v. County of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999); *see also Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995) ("[T]he determination of whether an accommodation is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost *to the organization that would implement it*.") (emphasis added).

In his response to the motion to quash, Mr. Makeen argues that he does not seek expert testimony from Ms. McCandless, but rather, wants her to testify about their conversation regarding student accommodations. Specifically, he wants Ms. McCandless to "testify to what accommodations under [the Rehabilitation Act] would be provided if [he] elects to [attend] the University of Denver." [Doc. 83 at p. 3]. However, it is unclear what bearing, if any, this testimony would have on the issues in this case. The accommodations offered to individual students at a private university are not necessarily reasonable accommodations in other circumstances. *See Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998) (noting that a reasonable

accommodation in one situation is not automatically reasonable in other situations). Thus, should Mr. Makeen choose to call Ms. McCandless as a fact witness, he is cautioned that Ms. McCandless's testimony must be relevant to whether the accommodations offered by the state and city defendants in his state court proceedings were reasonable.

## CONCLUSION

Accordingly, IT IS ORDERED that the Motion to Quash Subpoena is GRANTED to the extent that Mr. Makeen seeks expert testimony from Ms. McCandless. It is FURTHER ORDERED that Ms. McCandless will be permitted to testify as a fact witness, but only as it is relevant to the issues in this case.

DATED at Denver, Colorado, this 29th day of April, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge