IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03452-CMA-CBS

AKEEM MAKEEN,

    Plaintiffs,

v.

THE STATE OF COLORADO,
DENVER CITY AND COUNTY,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING DECEMBER 18, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This case was referred to United States Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 15.) On December 18, 2015, Judge Shaffer issued a Recommendation to deny Plaintiff's two motions for temporary injunctive relief.[1] (Doc. # 123.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On January 1, 2016, Plaintiff filed timely objections to the Recommendation. (Doc. # 128.)

    "When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected

---

[1] *Pro se* Plaintiff Akeem Makeen first submitted a Corrected Verified Petition and Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue on March 30, 2015. (Doc. # 60.) On June 1, 2015, Plaintiff filed a Verified Emergency Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. (Doc. # 103.)

to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In his Recommendation, Magistrate Judge Shaffer recites three categories of disfavored injunctions recognized by the Tenth Circuit, including injunctive relief that "alters the status quo." (Doc. # 123 at 16.) If a request for relief implicates a disfavored category, the movant is held to a heightened standard requiring a strong showing of the "likelihood of success" and "balance of harms" elements of the preliminary injunction inquiry.[2] (*Id.*) Magistrate Judge Shaffer characterizes Plaintiff's petitions as requests for injunctive relief that would "alter the status quo", and therefore evaluates the petitions in accordance with the heightened standard. (*Id.*)

Plaintiff objects, arguing that Magistrate Judge Shaffer "erroneously applied the heightened standard of proof . . . ," claiming "courts have held that the heightened standard . . . does not apply where a plaintiff is seeking injunction for the purpose of enforcing a statute designed to protect the public." (Doc. # 128 at 2.) In support of his proposition, Plaintiff cites *United States v. Rx Depot, Inc.*, 290 F. Supp. 2d 1238, 1246-48 (N.D. Okla. 2003). However, *Rx Depot* does not stand for the proposition asserted by Plaintiff. Instead, "where a statute designed to protect the public authorizes injunctive relief, [the movant] need not prove all of the elements." *Rx Depot, Inc.*, 290 F.

---

[2] The "likelihood of success" and the "balance of the harms" are elements one and three of the prerequisite inquiry for preliminary injunctive relief. Elements two and four respectively require a showing that a movant will suffer irreparable injury if relief is denied and a showing that the injunction, if issued, would not be adverse to the public interest. *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, F.3d 1067, 1070 (10th Cir. 2009).

Supp. 2d at 1246.  Specifically, where an injunction is authorized by statute, the movant is simply not required to show the element of irreparable harm.  *Id*.

In the instant case, Magistrate Judge Shaffer correctly identified a suspect injunction and appropriately applied the heightened standard in his evaluation of the "likelihood of success" and the "balance of harms" elements.  This Court agrees with Magistrate Judge Shaffer's considered conclusion that the factual record does not clearly demonstrate Plaintiff's substantial likelihood of success.  Accordingly, Plaintiff's first objection is without merit.

Plaintiff raises a second objection to Magistrate Judge Shaffer's Recommendation: his alleged failure to apply 28 C.F.R. § 35.160-164 and 28 C.F.R. § 42.503.  (Doc. # 128 at 4.)  This is an improper objection that merely reiterates arguments that were before Magistrate Judge Shaffer at the time his recommendation issued.  Indeed, Magistrate Judge Shaffer explicitly considers Plaintiff's arguments concerning 28 C.F.R. § 35.160-164 in his Recommendation (Doc. # 123 at 22), and this Court agrees with his conclusions.  With respect to 28 C.F.R. § 42.503, Plaintiff has failed to develop his argument. The statute is cited, but nowhere in the objection is it discussed, nor does Plaintiff explain how consideration of the statute would alter the conclusion drawn from the applicable standard for injunctive relief.

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto.  Based on this *de novo* review, the Court concludes that Magistrate Judge Shaffer's Recommendation is correct and is not called into question by Plaintiff's objection.

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 128) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 123) is AFFIRMED and ADOPTED as an order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Plaintiff's Corrected Verified Petition and Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. # 60) and Plaintiff's Verified Emergency Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. # 103) are DENIED.

DATED: January 5, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge